\*DELAWARE (CITY) v. W. B. MATHEWS.

CHIEF OF POLICE CANNOT COLLECT SERVICE FEES IN STATE CASES.

A chief of police, in the absence of a statute authorizing it, is not entitled to payment for service of process issued by a mayor in state cases. Hence, costs collected for such services by such officer are not recoverable by him when turned over to the city.

[Syllabus approved by the court.]

ERROR to common pleas court.

---

\*Affirmed, no op., *Mathews* v. *Delaware,* 82 Ohio St. 423.

Delaware v. Mathews.

—*E. S. Owen*, city solicitor, and *F. A. Owen*, for plaintiff in error.

*Marriott & Freshwater* and *Jewell & Benton*, for defendant in error.

## TAGGART, J.

The plaintiff in error, by its petition, seeks to reverse the judgment of the court of common pleas wherein a judgment was entered against it in favor of the defendant in error. The principal question made in the case is that the judgment of the court of common pleas is contrary to law, and the said judgment should have been given for the plaintiff in error when the same was given for the defendant in error.

The action in the court of common pleas was one in which the defendant in error sought to recover from the city of Delaware the sum of $541.61, the amount of fees which he claims had been assessed, collected and turned into the treasury of the city of Delaware, being costs which had been assessed in cases of the state of Ohio against various defendants in the mayor's court of the city of Delaware.

The plaintiff claims that he presented an itemized statement and account of said fees claimed to be due him, and requested, through the city council, that the same be paid him, but the council rejected said claim and refused to allow the same.

The city by its answer admits that the plaintiff was the duly appointed, qualified and acting chief of police of said city; admits that he presented and filed with the city clerk an itemized statement and account of said fees claimed to be due him; admits that his claim was rejected; admits the corporate capacity of the city, and denies all the other allegations in the plaintiff's petition.

From the record we learn that these fees were collected from various parties, and, with the knowledge and acquiescence of the plaintiff, were turned into the treasury of the city of Delaware. The question in the case is: "Can he now recover these fees?"

In the enactment of the municipal code in the year 1902,

*Delaware County.*

the office of marshal in cities in the state of Ohio was abolished, and instead thereof the office of the chief of police was created. Instead of being an office for a fixed term and elected by the people, it was an office which was to be filled by appointment by the mayor.

The legislature, in the municipal code, provided that the mayor of a city, when exercising the duties of a magistrate, both in a civil and criminal capacity, is to receive like fees as are allowed justices of the peace, R. S. 1745 (Gen. Code 4550). The chief of police, in cities having a police court, was to receive like fees as constables and sheriffs in the probate court and before justices of the peace. The marshal of a village, in executing processes issued to him by the mayor of the village, was likewise to receive the same fees as are taxed for a constable executing a process of a justice of the peace, R. S. 1850 (Gen. Code 4387), but there is no section of the statute which, in express terms, directs the payment to a chief of police of fees for the executing of any process issued to him by the mayor of the city in this class of cases. Whether this was through inadvertence of the legislature it is not necessary to conjecture. It is certain that no section of the statute is called to our attention, neither have we been able to discover any section of the municipal code which authorizes the payment to the chief of police of fees for executing such processes issued to him from the mayor of the city.

So that this record presents this state of facts: Fees were taxed for the execution of processes issued to this chief of police, and collected and paid by the parties against whom the costs were assessed, and were deposited in the treasury of the city of Delaware.

As this court views the case, there was no right or authority for so taxing costs or collecting the same; and there was no right or authority for the plaintiff, as chief of police, receiving the same. But, as these costs and fees are in the city treasury, the plaintiff must recover by the strength of his right to the same, rather than by showing that the city of Delaware has no right to hold and retain the same.

Delaware v. Mathews.

Our attention is called to the cases of *Portsmouth* v. *Mill-stead*, 28 O. C. C. 384 (8 N. S. 114). We think this case was properly determined, but not decisive of this case. This case simply decides the question that the chief of police, having received these fees or costs taxed and collected in his favor, the city of Portsmouth can not recover the same from him. If the plaintiff herein had collected these fees and the city of Delaware was seeking to recover the same, we would be ·clearly of the opinion that no cause of action existed in its favor, and that it could not recover the fees. So, likewise, we are of the opinion that these costs, so collected and in the treasury of the city of Delaware, whether there rightfully or wrongfully, give no right of action to the plaintiff herein, even though they were taxed as costs and paid by the several parties, for there is no law or authority for so taxing or collecting the same from the several parties from whom they were collected.

It will, perhaps, be urged that there is a construction of the statute, R. S. 1837 (Gen. Code 4549), which ought to be given, which will sustain the judgment of the court of common pleas, that processes issuing out of the mayor's court are to be directed to the chief of police or other police officer, and that, when he is called on to perform these duties, there is at least an implication that he should receive compensation therefor. But it has been repeatedly held that, where services for the benefit of the public are required by law and no provision for its payment is made, it must be regarded as gratuitous and no claim for compensation can be enforced.

We do not think this principle can now be seriously controverted, and, as we are unable to find any provision of law for the payment of this class of services, we think it must necessarily be held that the same was gratuitous.

There is no section of the statute to be construed. The legislature, in respect to chiefs of police in cities having a police court, has authoritatively spoken; so, also, in respect to marshals of villages; so, also, in respect to mayors when acting as magistrates; but the legislature has made no provision for the payment for the service of process by the chief of

police, when issued by the mayor of the city in state cases. Whether this was an oversight of the legislature or whether it was intentionally omitted, it is not for us to guess.

In the case of Hough v. Manufacturing Co. 66 Ohio St. 427 [64 N. E. Rep. 521], in passing upon the attachment law of the state, the court employs some very pertinent and instructive language as to courts attempting to legislate something into a statute that has not been enacted by the legislature.

We call attention to the case of Slingluff v. Weaver, 66 Ohio St. 621 [64 N. E. Rep. 574]:

"The object of judicial investigation in the construction of a statute is to ascertain and give effect to the intent of the law-making body which enacted it. And where its provisions are ambiguous, and its meaning doubtful, the history of legislation on the subject, and the consequences of a literal interpretation of the language may be considered; punctuation may be changed or disregarded; words transposed, or those necessary to a clear understanding and, as shown by the context manifestly intended, inserted.

"But the intent of the lawmakers is to be sought first of all in the language employed, and if the words be free from ambiguity and doubt, and express plainly, clearly and distinctly, the sense of the lawmaking body, there is no occasion to resort to other means of interpretation. The question is not, what did the general assembly intend to enact, but what is the meaning of that which it did enact? That body should be held to mean what it has plainly expressed and hence no room is left for construction."

This was a case in which the legislature of the state sought to enlarge the jurisdiction of the Supreme Court, but, by its enactment, practically robbed it of all its jurisdiction except in extraordinary matters, and the court, in passing upon the Royer act, held that there was no place for judicial interpretation.

So in this case, we think this is a matter that must be remedied by the legislature and not by judicial legislation.

Holding to these views, we think the judgment of the court

Delaware v. Mathews.

of common pleas was erroneous, being contrary to law; that the judgment should have been for the plaintiff in error and not for the defendant in error. For this reason, the judgment of the court of common pleas is reversed and remanded with costs. Exceptions noted.

**Donahue** and **Shields, JJ.,** concur.